Curia, per
Withers, J.
Inconvenience has been felt by the Court of law in trying causes where claims have been urged against those who have the management of estates; and occasionally such .inconvenience has been suggested in our cases.— Nevertheless our judicial records are full of instances where an administrator and his sureties, after a decree by the^Ordinary against the former, have been sued upon the bond, at law, and have been subjected to a judgment upon verdict.- In such cases the sureties, when they have had no previous opportunity for defence, have been permitted to offer evidence tending to reduce the amount ascertained to be due by their principal, in the Ordinary’s office; as the defendant in the present case was permitted to do. If there ever was any opinion entertained that the surety of a guardian was not liable in this forum, in manner as the surety of an adminitrator has been often determined' to be, the 31st sec. of the Ordinary’s Act (11 Stat. 47) would settle the question, where the language is, “ and the Ordinary shall have power to pronounce a decree against any guardian by him appointed, upon final account, which shall authorize such proceedings against the sureties of such guardian as may be taken, in the like cases, against the sureties of an administrator.”
The full benefit of the 13th section of the same Act yet remains *8 to any party who may think fit to carry a matter of account to the Court of Equity; and if the principal of sureties, whether guardian or administrator, he negligent alike in the means of de-fence open to him as in the management of his trust, it is hut the natural and necessary incident which sureties undertake to hear among the other burthens they assume. How far they may be enabled, at their own' instance, to enter into a proceeding before the inferior Court, to the end that they may employ their own diligence, in resorting to an appeal, instead of suffering from the indifference of their principal, is a matter for the consideration of those who occupy the position of the defendant in this case.
The conclusion resulting from what is said above is, that the Court of law had jurisdiction of this case, and, therefore, that the motion for nonsuit, proceeding upon that question, is not well founded.
The guardian, Benjamin McJunkin, received for his ward a sum of money from the Commissioner in Equity, which was part proceeds of lands sold under authority of the Court of Equity, in which real estate the ward had an interest to the extent of the sum so received. It was supposed the circuit Court was in error by holding that the defendant, being surety, was liable for that fund. The case of Gray vs. Brown (1 Rich. 351) appears to be conclusive against the appellant, upon this ground.
The instructions given to the jury, complained of in the 2d ground of appeal for a new trial, do not seem to be liable to just objection.
The motion is refused.
O’jNeall, Evans, WáRdlaw and Frost, JJ., concurred.

Motions dismissed.